Filed 3/20/26  P. v. Martinez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SANTIAGO MARTINEZ, JR.,<br><br>    Defendant and Appellant. | B337700<br><br>(Los Angeles County<br>Super. Ct. No. NA061436)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion in the above-entitled matter filed on March 13, 2026, be modified as follows:

On page 8, the first word in the final paragraph "Defendant" is deleted.  The word "Respondent" is inserted in its place so the sentence now reads as follows:

Respondent cites *People v. Doolin* (2009) 45 Cal.4th 390 in support of arguments that defendant's reasons for the

continuance request were speculative and any error in the denying the request was harmless.

On page 10, in the final paragraph, the following sentence is deleted:  "We, however, caution trial courts from making intemperate remarks that could be misunderstood."

There is no change in judgment.

_____
ROTHSCHILD, P. J.          BENDIX, J.          M. KIM, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337700 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA061436) |
| v. | |
| SANTIAGO MARTINEZ, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Reversed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This appeal follows defendant Santiago Martinez, Jr.'s resentencing pursuant to Penal Code section 1172.75.[1] Defendant argues and we agree the trial court abused its discretion in denying him a continuance to obtain documents from the California Department of Corrections (CDCR). We conclude that the error prejudiced defendant because the trial court lacked potential information relevant to exercising its discretion. Additionally, the record does not show that when it denied the requested continuance, the court understood the full scope of its discretion. We reverse the judgment and remand for a new resentencing hearing.

## BACKGROUND

In 2005, a jury convicted defendant of first degree murder and found that in the commission of the murder, he used and discharged a firearm within the meaning of section 12022.53, subdivisions (b), (c), and (d). The jury also found true a dangerous weapon allegation under section 12022, subdivision (b)(1), and defendant admitted two prior felony convictions under section 667.5, subdivision (b). The record on appeal does not include the background facts describing the murder.[2]

The original trial court sentenced defendant to 25 years to life for the murder and an additional 25 years for the personal

_____

[1] Undesignated statutory citations are to the Penal Code.

[2] Although the parties on appeal refer to the opinion from defendant's appeal from the judgment of conviction (*People v. Martinez* (Mar. 22, 2006, B181429) [nonpub. opn.]), the opinion is not included in the record and it does not appear the trial court considered it.

2

discharge of a firearm enhancement.  The original trial court also sentenced defendant to one year for a section 12022, subdivision (b) enhancement and one year for a section 667.5, subdivision (b) enhancement.  The parties agree defendant's case was set for resentencing because he had a prior prison term enhancement that was no longer valid in his case.

On March 15, 2023, the resentencing trial court appointed counsel for the resentencing.  The resentencing trial court scheduled the resentencing for May 10, 2023.  On May 10, 2023, the court continued the hearing because defendant wanted to be present.  The court subsequently continued the hearing to November 3, 2023, and then continued it to December 18, 2023.  On December 18, 2023, defendant did not appear because he was a "miss-out," and the court continued the hearing to December 27, 2023.

On December 27, 2023, the court denied defendant's *Marsden*[3] motion.  After the court denied defendant's request for new counsel, defendant asked, "Can you entertain the idea of going pro per?"  Defendant stated, "I would like to go pro per at this point" and the court responded, "Okay.  Let me get the form."  The court reviewed the form with defendant and informed him he would not have a "backup" or "extra attorney."  Defendant asked, "Even if I ask for co-counsel, it's denied?"  After an additional discussion about law library privileges, the court denied defendant's motion to represent himself.

The court continued the resentencing hearing to January 30, 2024.  On January 30, 2024, the court continued the

---

[3]  *People v. Marsden* (1970) 2 Cal.3d 118.

resentencing hearing to March 14, 2024 and then advanced it to March 12, 2024.

### *March 12, 2024 Hearing*

At the March 12 hearing, defendant's counsel requested the court continue the resentencing hearing because counsel was unable to obtain all of defendant's records from the CDCR. Counsel represented that the CDCR did not release the documents because they were HIPAA protected.  The court responded:  "Murder is murder.  I am not going to give probation on a murder.  So it's 25 to life no matter what on the underlying murder.  The only discretion the court will have is whether I strike the additional 25-to-life [gun] allegation.  I disagree whether a bunch of factors — health related, or whatever factors go into that."  Defense counsel requested additional time to review defendant's "post conviction behavior."  The court denied the continuance.  After confirming that defendant was a death row inmate, the court stated, "I am not going to house a death row inmate in county jail."  The court permitted defense counsel 15 minutes "to get ready" and defense counsel indicated she could not be ready in 15 minutes.  The court also reminded defense counsel she did not file a written motion to continue, and defense counsel responded the court previously had not required a written motion.

Before starting the resentencing hearing, the court heard defendant's renewed *Marsden* motion.  In the course of the *Marsden* motion, defense counsel indicated she had requested defendant's records from the CDCR in May 2023 and did not receive them until December 2023.  In February 2023, counsel requested additional records because the CDCR had not produced all of defendant's records.  Counsel reported she consulted with

4

the Mexican counsel, the Mexican American Capitol Defense Association, two capitol attorneys, appellate counsel on defendant's death penalty case, and defendant's prior appellate attorney. The court denied defendant's *Marsden* motion. Defendant stated, "If I decide to go pro per, I will need a little bit extra time [*sic*]" and the court responded, "That will be denied."

When the prosecutor returned to the courtroom, the resentencing trial court explained: "This case is extremely simple, as it appears to me. You got 51 to life. You got a first degree murder with a [25]-to-life charge. And a stupid one-year prior. And because of the stupid one-year prior . . . this whole case is getting reopened, which is absolutely ridiculous to this court. But that's the case. There is nothing complicated about it." The court continued: "So what on earth is complicated? [¶] I understand there may be post sentencing factors that can . . . come into play. But even that is not complicated. This HIPAA stuff after all could have been stuff that you told your attorney for the last year and four months since she's had the case. [¶] She doesn't need CDCR records for that. It's all stuff that you could have said . . . . [s]o at the last minute now getting these records involved and HIPAA I find is disingenuous and is just really not grounds for a continuance at this point in time." Defense counsel responded that CDCR records were important in arguing for resentencing.

The prosecutor indicated defendant's sentence was 52 years to life, not 51 as represented but the court. The prosecutor did not oppose the continuance request.

The court found defendant "understands aspects of his own defense" and "he knows darn well what he should have told you [defense counsel] and what he shouldn't have." The court

repeated, "I don't think this is a complicated case," and continued, "I think it just needs to get done and then he can move on with his death penalty case."

Defense counsel reiterated that she was not prepared to argue the resentencing and the court responded, "I am deeming you prepared. So either answer up or say submitted, and then that can go to the appellate court." With respect to the merits, the prosecutor advocated for imposing the 25 year to life gun enhancement. The prosecutor argued the crime was a "vicious, brutal killing." The prosecutor argued, "[T]here is nothing before this court to give consideration to reducing or striking" the gun enhancement.

The court resentenced defendant to 50 years to life. The court struck the section 12022, subdivision (b) enhancement and the 667.5, subdivision (b) priors. The court did not state any reasons for its choices. The court entered a new judgment reflecting the 50-year-to-life sentence.

## DISCUSSION

Defendant argues the resentencing trial court abused its discretion in denying his counsel's request for a continuance of the March 12, 2024 resentencing hearing. Respondent argues the court's denial of a continuance was "reasonable . . . given that counsel had ample time and opportunity to prepare for the resentencing hearing." We agree with defendant. Because we reverse the judgment and order a new resentencing hearing, we do not consider defendant's remaining arguments.[4]

---

[4] Defendant argues the trial court should have granted his request to represent himself. Defendant also contends the trial

6

Section 1172.75, subdivision (a) provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (Pen. Code, § 1172.75, subd. (a).) Section 1172.75, subdivision (d)(3) provides: "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." Where defendant's original sentence included a now-invalid sentencing enhancement the resentencing court must provide a full resentencing hearing. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

We review a trial court's denial of a continuance for abuse of discretion. (*People v. Mungia* (2008) 44 Cal.4th 1101, 1118.) "In reviewing the decision to deny a continuance, '[o]ne factor to consider is whether a continuance would be useful. [Citation.]' [Citation.]" (*Ibid*.) Here, a continuance was merited because it would have allowed defense counsel to obtain potential evidence relevant to resentencing from the CDCR. The People did not oppose the requested continuance. The burden of a continuance was minimal because there would have been no need to

court abused its discretion in resentencing him to 25 years for the firearm enhancement.

7

reschedule witnesses or consider juror inconvenience. (*People v. Grajeda* (2025) 111 Cal.App.5th 829, 839–840.) We do not agree with respondent that counsel had "ample time and opportunity to prepare for the resentencing hearing." Counsel had not received the requested documents relevant to postconviction factors set forth in section 1172.75, subdivision (d). Although a trial court would have been required only to consider this evidence in exercising its discretion whether to strike or reduce the firearm enhancement,[5] the evidence was still relevant to the court's consideration of whether to strike or reduce the enhancement.

We also do not agree with respondent that defense counsel had to explain with more specificity why she needed more time in light of her request for additional documents from CDCR that she had not yet received. Contrary to respondent's suggestion, defense counsel could not be expected to vouch for the relevancy of documents she had not yet received from the CDCR. There was nothing speculative about counsel's request for a continuance.

Defendant cites *People v. Doolin* (2009) 45 Cal.4th 390 in support of arguments that defendant's reasons for the continuance request were speculative and any error in the denying the request was harmless. In *Doolin*, the defendant requested a continuance of the penalty phase in a death case, inter alia, to retest DNA evidence and interview potential character witnesses. (*Id*. at p. 450.) The high court concluded

---

[5] As noted earlier in this Discussion, section 1172.75, subdivision (d)(3) provides that a court "*may*" consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated." (Italics added.)

the trial court did not abuse its discretion in denying a continuance to retest the DNA evidence "because the remaining evidence pointed convincingly to defendant's guilt" and defendant's request for a continuance was untimely and "unlikely to affect the outcome of the proceedings." (*Id.* at p. 451.) As to the potential character witnesses, the high court observed, inter alia, the defendant failed to explain why counsel could not interview these witnesses during the six days leading up to the penalty phase trial and his defense team was "aware" of these witnesses and whether they would have been a source for potential information on child abuse mitigating circumstances. (*Ibid.*) Under these circumstances, "defendant's vague and speculative reasons for the continuance failed to support a showing of good cause." (*Ibid.*) For the reasons set forth above, the facts before us are a far cry from those in *Doolin* and do not support that defendant's expressed need for the continuance was speculative.

We also do not agree that the denial of a continuance was harmless. The record does not indicate the court understood the extent of its discretion when it denied the continuance. For example, the court incorrectly stated, "The only discretion the court will have is whether I strike the additional 25-to-life [gun] allegation" when the court had discretion to reduce the 25-year-term to impose a lesser included enhancement. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1020–1021, 1030 [trial court has discretion to strike enhancement and impose lesser included § 12022.53 enhancement or other lesser included enhancement].) As further indication of prejudice, we note the prosecutor capitalized on the CDCR's delay in providing documents by arguing, "[T]here is nothing before this court to give

9

consideration to reducing or striking" the enhancement. Although respondent asserts the trial court could have relied on the "extreme violence of appellant's crime and the way he used the firearm to commit murder," the record does not contain a recitation of facts of the offense, and the trial court did not rely on any fact related to the offense, even though the prosecutor emphasized the brutality of defendant's crime. Instead, the court recited defendant should "move on" with his death penalty case.

We recognize that section 1050, subdivision (b) generally requires a written motion to request a continuance and that section 1050, subdivision (c) states, "Notwithstanding subdivision (b), a party may make a motion for a continuance without complying with the requirements of that subdivision" albeit absent a showing good cause, sanctions may be imposed. No party relies on section 1050 on appeal and we therefore do not consider it further.

Finally, defendant requests this court remand the case to a different judge. According to him, the court exercised its sentencing discretion "based on its view that it shouldn't have been asked to do [a full resentencing] when all it should have to do is strike the now-unlawful one-year enhancement." Although we conclude that the trial court was not fond of the resentencing statute, the record does not support defendant's view that the court was unwilling to apply the law. We, however, caution trial courts from making intemperate remarks that could be misunderstood. We express no opinion on how the trial court should exercise its discretion upon remand.

10

## DISPOSITION

The judgment is reversed.  The case is remanded for a new resentencing hearing.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



M. KIM, J.